CHRIS CONSTRUCTION COMPANY *v.* MAY
CENTERS, INC., ET AL.
(8728)

SPALLONE, FOTI and CRETELLA, Js.

Argued September 13—decision released October 30, 1990

*E. Stanton Kennedy,* for the appellant (defendant
Apple Valley Foods Corporation).

*David C. Pite,* with whom, on the brief, was *Stephen P. Wright,* for the appellee (plaintiff).

CRETELLA, J. This is an action by the plaintiff subcontractor to foreclose a mechanic's lien[1] against certain premises leased by the defendant Apple Valley Foods Corporation[2] from the named defendant. The leased premises were improved by the plaintiff's work. The plaintiff sued the defendant to recover for work done and materials installed pursuant to a contract with the defendant's general contractor, American Heritage Homes, Inc.[3] The trial court rendered judgment in favor of the plaintiff in the amount of $16,000, plus interest and costs. The defendant appeals from this judgment claiming that the trial court improperly (1) found that the defendant failed to sustain its burden of proof on its counterclaim, (2) awarded interest on the judgment, and (3) rendered judgment on a mechanic's lien that was not timely filed. We affirm the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. On June 10, 1985, the defendant entered into a lease agreement with May Centers, Inc., whereby the defendant leased 4079 square feet of store space in the Meriden Square Mall for use as a Roy Rogers

[1] We have classified this case as an action for the foreclosure of a mechanic's lien despite the parties' assertions during oral arguments before this court that this is a contract action. In coming to this conclusion, we have relied upon the plaintiff's characterization of the cause of action in its complaint and the trial court's memorandum of decision describing the case as an action to foreclose a mechanic's lien on leasehold premises.

[2] The defendants named in the plaintiff's complaint are May Centers, Inc., owner of the improved premises, and Apple Valley Foods Corporation, lessee of the improved premises. On December 4, 1987, the plaintiff withdrew its complaint as to May Centers, Inc. For purposes of this appeal, Apple Valley Foods Corporation will be referred to as the defendant.

[3] The owner and operator of both the defendant, Apple Valley Foods Corporation, and American Heritage Homes, Inc., is Edwin F. Schiebel. Neither Schiebel nor American Heritage Homes, Inc., is a party to this action.

restaurant. The defendant's general contractor, American Heritage Homes, Inc., hired the plaintiff to supply labor and materials for the conversion of the leased premises into a restaurant. The agreed upon subcontract price was $42,100. During the course of the conversion, both parties agreed upon extras in the amount of $1200, which brought the revised subcontract total to $43,300. The plaintiff received two payments from American Heritage Homes, Inc., totaling $19,000.

The plaintiff commenced construction on June 9, 1985, and left the job site at the request of the defendant on September 16, 1985, after its obligations were substantially performed. The defendant completed the conversion of the premises at its own expense and opened the restaurant on September 23, 1985.

On November 8, 1985, the plaintiff filed a mechanic's lien that was duly recorded in the Meriden land records. This lien was later released subject to an agreement of the parties that substituted security for the lien.

After a full hearing, the trial court awarded the defendant a credit of $8300 against the balance of the contract price as reasonable compensation for its completion of the subcontract. To calculate damages, the trial court deducted the payments made by American Heritage Homes, Inc., and the credit due the defendant for its completion of the work, from the contract price of $43,300. The court then found that there was an outstanding balance of $16,000 due the plaintiff on the subcontract agreement, plus costs and statutory interest from October 1, 1985.

The defendant first claims that the trial court improperly found that the defendant failed to sustain its burden of proof on its counterclaim for consequential damages resulting from the delayed opening of the defendant's restaurant. A thorough review of the record discloses that although the defendant offered evi-

dence at trial in an attempt to support these damages, its counterclaim requested only setoff damages for the services and materials the defendant supplied in order to complete the job in question. The court found that these setoff damages were proven to the extent of $8300.

The nature and extent of any damages counterclaimed in a foreclosure of mechanic's lien action is limited by General Statutes § 49-33 (f).[4] Once the amount claimed to be due on the subcontractor's contract with the general contractor has been secured by a mechanic's lien, the amount allegedly due the subcontractor may be diminished only by (1) the reasonable cost of satisfactory completion of the contract, (2) any damages for which the general contractor might be liable to the owner, and (3) any bona fide payments that were made by the owner before it received notice of the lien. See *Rene Dry Wall Co.* v. *Strawberry Hill Associates,* 182 Conn. 568, 572, 438 A.2d 774 (1980); W. Rockel, A Treatise on the Law of Mechanic's Liens (1909) § 128, p. 343. In the present case, the trial court adjusted the amount due the subcontractor by amounts allowed under (1) and (3) above. The claimed consequential damages, if allowed at all, would necessarily have to fall under (2).

---

[4] General Statutes § 49-33 (f) provides: "Any such subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims, except that the subcontractor shall have a mechanic's lien or right to claim a mechanic's lien in the event of any default by that person subject to the provisions of sections 49-34, 49-35 and 49-36, provided the total of such lien or liens shall not attach to any building or its appurtenances, or to the land on which the same stands or to any lot or to any plot of land, to a greater amount in the whole than the amount by which the contract price between the owner and the person through whom the subcontractor claims exceeds the reasonable cost, either estimated or actual, as the case may be, of satisfactory completion of the contract plus any damages resulting from such default for which that person might be held liable to the owner and all bona fide payments, as defined in section 49-36, made by the owner before receiving notice of such lien or liens."

Consequential damages are "special damages [that] result from 'the *natural* consequences of the act complained of . . . .' " (Emphasis in original.) *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.,* 193 Conn. 208, 223 n.16, 477 A.2d 988 (1984).

Even if the defendant had properly alleged consequential damages in its counterclaim, the court could have found that the defendant had not sustained its burden of proof. The evidence proffered at trial failed to establish that the plaintiff was the sole proximate cause of the delayed opening. Further, no evidence was offered to show that any contractual obligations existed that would have made the general contractor liable to the owner for consequential damages that could be charged to the subcontractor if he were proven to be the cause of a delayed opening. The general contractor, American Heritage Homes, Inc., was not named as a party to this action and the contractual agreement between it and the defendant was never entered into evidence. In short, the trial court was not made aware of any obligations between the general contractor and the defendant, or of any liabilities that could spring from those obligations that would leave the plaintiff solely liable for the delayed opening. In addition, the defendant was unable to reinforce its chief witness' testimony with documentary evidence to support its claim for consequential damages.

It is the province of the trial court to weigh the evidence before it and to judge the credibility of the witnesses. *Northeast Gunite & Grouting Corporation* v. *Chapman,* 20 Conn. App. 201, 203, 565 A.2d 256 (1989). On appeal, the function of this court is limited solely to the determination of whether the decision of the trial court is clearly erroneous. *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981). This court cannot find facts or draw conclusions, but can only review the trial court's findings to determine whether the trier

could have legally, logically and reasonably reached the conclusions it did. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982). We conclude that the court properly found that the defendant did not sustain its burden of proof as to consequential damages.

The defendant next questions the trial court's holding that the plaintiff's damages were liquidated as of October 1, 1985, and its consequential award of statutory interest from that date. The defendant argues that the trial court abused its discretion in awarding interest. It asserts that its failure to pay the plaintiff was not a wrongful withholding because it filed a counterclaim to contest the amount due the plaintiff.

Whether statutory interest is to be awarded is an equitable determination lying within the discretion of the trial court. *General Electric Supply Co.* v. *Southern New England Telephone Co.,* 185 Conn. 583, 605, 441 A.2d 581 (1981). A trial court's decision to award statutory interest will be reversed only upon a showing of abuse of discretion. *Simonetti* v. *Lovermi,* 15 Conn. App. 722, 727, 546 A.2d 331 (1988). "The real question in each case is whether the detention of the money is or is not wrongful under the circumstances." *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 275, 287 A.2d 374 (1971).

When there is no indication in the record that there was an abuse of discretion and it is undisputed that some sum is due, it is not improper for the trial court to award interest. *Perl* v. *Case,* 3 Conn. App. 111, 116, 485 A.2d 1331 (1985).

Once an amount that is claimed to be due is susceptible to certain mathematical calculation from factors that are or should be in the possession or knowledge of the party being charged, that amount is liquidated. *Costello* v. *Hartford Institute of Accounting, Inc.,* 193 Conn. 160, 165, 475 A.2d 310 (1984).

In the present case, the plaintiff continuously claimed, from the time it filed its mechanic's lien, that it was due approximately $26,000 for services and materials it supplied the defendant. The defendant counterclaimed for setoff damages of approximately $9000.[5] The trial court found that the unpaid balance on the subcontract was $24,300, awarded the defendant $8300 in setoff damages, and found that the balance of $16,000 was liquidated as of October 1, 1985. By claiming setoff damages, the defendant acknowledged that some sum was due under the subcontract. A balance of at least $16,000 was clearly due and owing, and, it was a calculable amount from the factors that were in the possession of the defendant on October 1, 1985. The defendant's retention of this sum was wrongful under the circumstances of this case. We, therefore, conclude that the trial court did not abuse its discretion when it found that the outstanding balance was liquidated as of October 1, 1985.

The defendant's final claim is that the mechanic's lien that is the basis of this action, was not timely filed. The timeliness of the mechanic's lien was not questioned by the defendant during trial or in the pretrial proceedings.

This court is not bound to consider claims of law not raised at trial. Practice Book § 285A. Because the defendant questions the validity of the mechanic's lien for the first time on appeal, we will not consider this claim. *Northeast Electrical Contractors* v. *Udolf,* 1 Conn. App. 169, 171, 469 A.2d 419 (1984).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] As we have noted, during trial the defendant also attempted to establish consequential damages of approximately $15,000. The defendant did not plead these damages in its counterclaim and, in the opinion of the court, did not prove them; therefore, we have not taken them into account in our consideration of a wrongful withholding of payment.