[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Stamford Wrecking Co., filed a three-count complaint against the defendants, Bank of Boston Connecticut (BBC) and Ahearn Holtzman, Inc. (AHI) on January 5, 1998. The plaintiff alleges in count one that BBC and AHI entered into an agreement whereby AHI would act as a general contractor in connection with renovating the premises being leased by BBC. On May 22, 1997, AHI entered into an agreement with the plaintiff in which the plaintiff agreed to furnish services and materials in connection with the renovations. The plaintiff provided services and materials beginning on June 3. 1997. It filed a mechanic's lien against BBC on October 7, 1997.
BBC moves to strike count one of the plaintiffs complaint on CT Page 1939 the ground that a mechanic's lien may not attach a leasehold interest as a matter of law, and therefore the lien is invalid. The plaintiff filed a memorandum in opposition to the motion to strike arguing that a mechanic's lien may attach to a leasehold interest. The matter was heard by the court on May 11, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . [The court] must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71 (1998).
Mechanic's liens are governed by General Statutes § 49-33
(a), which provides: "If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or has been erected or has been moved, or by consent of the owner of the lot being improved or by consent of the owner of the plot of land being improved or subdivided, or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands or thelot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land is subject to the payment of theclaim" (Emphasis added.)
The governing statute speaks to owners of property, rather than a lessee's personal interest in property. Ebenstein Ebenstein v. Smith Thibault Corp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 345552 (July 7, 1988, O'Neil, J.), appeal dismissed on other grounds,20 Conn. App. 23, 563 A.2d 1044 (1989). With the exception of where an owner consents and allows a lessee to lien the property, leaseholds are not lienable because the lessee is not the owner of the subject property. Id. Accord Stodolink v. Arney, Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, CT Page 1940 Docket No. 277913 (April 5, 1991, Katz, J.) (3 CONN. L. RPTR. 422, 424) (although a leasehold is lienable, a mechanic's lien will not attach absent an equitable ownership interest that will ripen into a legal ownership interest); Calabrese Construction v.Costco Wholesale, Superior Court, judicial district of Waterbury, Docket No. 123244 (May 28, 1996, Kulawiz, J.) (17 CONN. L. RPTR. 5) (where lien was used to attach lessee's interest, rather than owner's interest, it became irrelevant whether the owner consented to the attachment of the lien and the sole issue was whether a mechanic's lien may attach to a leasehold interest). Furthermore, whether a mechanic's lien under § 49-33 (a) may attach to a leasehold interest has not been decided by the appellate courts. See, e.g., Chris Construction Co. v. MayCenters, Inc., 23 Conn. App. 453, 454 n.l, 581 A.2d 748 (1990).
This court finds that the more persuasive authority holds that a mechanic's lien may not attach to a leasehold interest, which is less than an ownership interest. Under the language of the statute, a leasehold interest is not subject to payment of the plaintiffs claim. Accordingly, BBC's motion to strike count one is granted.
HICKEY, J.