[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Glenn Angiolillo and Karen Angiolillo, have filed a motion for discharge or reduction of a mechanic's lien dated May 7, 2002, pursuant to General Statutes § 49-35a (c). The issue to be determined is whether there is a lienable fund to which the mechanic's lien may attach. The court concludes that there is no lienable fund.
Following a hearing, the court finds the following facts by clear and convincing evidence as required by General Statutes § 49-35b (a). The plaintiffs own the premises at 84 Middle Ridge Road in New Canaan. On or about September 12, 2000, the plaintiffs entered into a written agreement with Frank Nuzzolo Construction, Inc. (Nuzzolo), whereby Nuzzolo would provide services and materials to construct improvements on the premises. The agreed upon price of the services and materials was $368,000. Nuzzolo retained the services of the defendant, TradeSource, Inc., to perform services at the premises pursuant to a subcontract. Nuzzolo completed a portion of the improvements before abandoning the project on February 20, 2001, in breach of the written agreement. Up to that date, the plaintiffs had paid Nuzzolo for all invoices submitted to them and approved by the architect, which sum was $208,000. The plaintiffs thereafter retained the services of a number of contractors, in seriatim, to complete the improvements to the premises. The plaintiffs paid the subsequent contractors approximately $318,624. The total paid by the plaintiffs for the improvements to their property is $526,624.75. While the Court makes no finding as to the reasonableness of the total sum, the court finds by clear and convincing evidence that the cost of completing the improvements to the premises reasonably exceeded the price agreed upon by the plaintiffs and Nuzzolo.
On March 22, 2001, pursuant to General Statutes § 49-33, the defendant filed a mechanic's lien on the property alleging that between November 20, 2000, and February 19, 2001, it performed services and provided materials to the premises pursuant to the agreement between the plaintiffs and Nuzzolo and is owed $12,891.82 by Nuzzolo for the services CT Page 12508 and materials provided. The defendant did not previously commence an action to foreclose the mechanic's lien, and it did not commence an action against Nuzzolo.
The plaintiffs commenced this action, returnable on November 20, 2001, against the defendant alleging in count one that they are the third-party beneficiaries of the contract between Nuzzolo and the defendant and, in count two, that the work performed by the defendant was done in a negligent, careless and unworkmanlike manner. In response, the defendant asserted a counterclaim to foreclose its mechanic's lien.
The plaintiffs argue that because they made good faith payments to Nuzzolo prior to its breach and prior to the filing of the defendant's lien, and paid a substantial amount of money in excess of the agreed price to complete the improvements, there is no lienable fund to which the mechanic's lien may attach. They claim, therefore, that pursuant to General Statutes § 49-33 (f) the lien should be discharged.
The court first notes that there was no evidence that the defendant provided written notice to the plaintiff of its intent to place a mechanic's lien on the premises as required by General Statutes §49-35. See Seaman v. Climate Control Corp., 181 Conn. 592, 595,436 A.2d 271 (1980), or the certification required by General Statutes § 49-34. The court's decision, however, is not premised on the absence of those facts.
The court's decision is controlled by General Statutes §§ 49-33
through 49-36 and decisions of this state's appellate courts construing those statutes. See Rene Dry Wall Co. v. Strawberry Hill Associates,182 Conn. 568, 438 A.2d 774 (1980); Seaman v. Climate Control Corp., supra, 181 Conn. 592; Chris Construction Co. v. May Centers, Inc.,23 Conn. App. 453, 581 A.2d 748 (1990). General Statutes §§ 49-33 (e) and 49-36 (a) both provide that no mechanic's lien may attach to any real property or improvement thereon in an amount greater than the price that the owners have agreed to pay the general contractor. Here, the amount expended by the plaintiffs to complete the improvements on their property exceeded the amount they agreed to pay Nuzzolo.
"Once the amount claimed to be due on the subcontractor's contract with the general contractor has been secured by a mechanic's lien, the amount allegedly due the subcontractor may be diminished only by (1) the reasonable costs of satisfactory completion of the contract, (2) any damages for which the general contractor might be liable to the owner, and (3) any bona fide payments that were made by the owner before it received notice of the lien. See Rene Dry Wall Co. v. Strawberry HillCT Page 12509Associates, [supra, 182 Conn. 572; W. Rockel, A Treatise on the Law of Mechanic's Liens (1909) § 128, p. 343." Chris Construction Co. v. MayCenters, Inc., supra, 23 Conn. App. 456.
Here, the court finds by clear and convincing evidence that the payments made by the plaintiffs to Nuzzolo were bona fide, and that subsequent to the breach, the plaintiffs reasonably paid more to complete the improvements to their property than the price they agreed to pay Nuzzolo. See General Statutes § 49-33 (f). Consequently, there is no lienable fund to which the mechanic's lien of the defendant may attach.
The motion to discharge the lien is hereby granted.
LANDAU, S.R.A.C. CT Page 12510