CHARLOTTE BRODY *v.* VERA DUNNIGAN

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Submitted November 24—decided November 30, 1971

*Sydney T. Schulman,* in support of the motion.

*Paul Litman,* in opposition.

PER CURIAM. The defendant has filed a motion to review an order "dismissing her appeal and terminating a stay of execution for failure to post an appellate bond." The motion is identical in both form and substance to one which she submitted on October 21, 1971. In the present motion the defendant again asks that this court declare § 52-542 of the General Statutes to be unconstitutional and to vacate an order of the trial court that an appellate bond be filed. The first motion, filed October 21, 1971,

was denied pro forma because it was obvious, without any need to consult the record, that the finding required by Practice Book § 694 on the filing of such a motion with this court was lacking. The precise and only decision of this court was that the motion was "denied in the absence of a finding. See Practice Book § 694."

The second filing of the same motion to this court has prompted us to examine the record and this examination discloses a total failure to comply with basic procedural and statutory requirements as well as an erroneous representation as to the status of the proceedings below. Both of the motions for review were addressed to this court and, accordingly, forwarded here. In both motions the defendant has alleged that on September 21, 1971, she took an appeal from a default judgment against her and from the denial of her motion to open the judgment. In each she has asserted that the trial court was in error "in dismissing the defendant's appeal" and terminating the stay of execution "for not posting an appellate bond pursuant to Conn. Gen. Stat. (Rev. 1958, as amended)."

Our examination of the record discloses that the judgment referred to was rendered in a summary process action in the Circuit Court and that the defendant appealed to the Court of Common Pleas from that judgment and the ruling of the Circuit Court denying her "Motion to Reopen Judgment." Any appeal from such a judgment must be addressed to the Appellate Session of the Court of Common Pleas. General Statutes § 51-265, as amended by Public Act No. 870, 1971 Session of the General Assembly. In summary process this court exercises no jurisdiction over an appeal from a judgment of the Circuit Court or, in the absence of the granting

of a petition for certification, from the final decision of the Appellate Session of the Court of Common Pleas. No motion for review should have been addressed to this court pending a final decision by the Appellate Session of the Court of Common Pleas.

Furthermore, contrary to the defendant's allegation in both of her motions filed with this court we find no record of a dismissal of the appeal taken by her to the Court of Common Pleas. Since her first motion for review filed in this court on its face lacked the finding necessary for any review of a ruling of a lower court, it was entirely unnecessary for this court to determine whether her appeal had been dismissed. We did not determine the truth of that allegation and, as noted, expressly limited the reason for our denial of the motion for review to the absence of a finding. *Brody* v. *Dunnigan,* 161 Conn. 602, 282 A.2d 913.

In these circumstances, we are astounded to discover in the record now before us that the day after the defendant filed in this court her second motion for review her counsel executed a sworn affidavit stating that "the Connecticut Supreme Court denied the defendant's Motion for Review in the belief that the plaintiff's Motion to Dismiss had been granted and due to there being no finding."[1] There is no truth in the first portion of this sworn statement and we know of no justification for its assertion.

One further observation is pertinent. As noted, the defendant's first motion for review was denied

[1] The original of this affidavit was filed in the United States District Court in Hartford in support of the defendant's successful effort to have that court intervene in the proceedings then pending in the courts of the state of Connecticut. A temporary restraining order was issued by the federal court while the defendant's second motion for review was pending for decision in this court and her appeal was pending in the Court of Common Pleas.

"in the absence of a finding. See Practice Book
§ 694." In an apparent attempt to remedy this
deficiency, and despite the logical and specific direc-
tion in Practice Book § 694 that the finding necessary
to determine the merits of a motion for review be
obtained from the trial court whose ruling is to be
reviewed and that the draft finding be submitted to
that court, the defendant has submitted his request
for a finding and a draft finding to this court. It
should be self-evident even in the absence of the spe-
cific direction in the Practice Book to which counsel
was referred that appellate courts which hear no evi-
dence cannot find facts and that requests for find-
ings, draft findings and counterfindings should be
filed with the trial court and not addressed to and
filed with the appellate court.

The question of the constitutionality of the statu-
tory requirement of an appellate bond for appeal in
summary process actions is a proper one for judicial
decision and if the defendant in good faith intended
to raise the question rather than create an appear-
ance that she had exhausted her state remedies it is
difficult to understand why she has so completely
ignored basic procedural and jurisdictional require-
ments and failed to support her constitutional claims
with even a short brief or memorandum of law.

Under the circumstances, the present motion for
review must be dismissed. Since this ruling is dis-
positive of the only aspect of the case pending in
this court, it is unnecessary to decide the merits of
the plaintiff's counter motion to dismiss the motion
for review for failure to file it within the time limited
by Practice Book § 694.