APPLIANCES, INC. *v.* ELDRIDGE G. YOST ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and D. SHEA, Js.

Argued April 9—decision released June 10, 1980

208

*Richard A. Heim,* for the appellant (plaintiff).

*Jerome I. Walsh,* for the appellee (defendant).

BOGDANSKI, J. The plaintiff brought this action in two counts, in contract against the defendant Yost Construction, Inc., and on a promissory note against the defendant Eldridge G. Yost individually. The trial court ordered that judgment be entered for the plaintiff on the first count in the amount of $17,058.49 and for the individual defendant on the second count. From the judgment rendered on the second count, the plaintiff has appealed.

The trial court's finding, with such corrections as are warranted, establishes the following facts: The plaintiff is engaged in the business of furnishing electrical, plumbing and heating work. As a result of work done between April of 1972 and August 22, 1975, the corporate defendant was indebted to the plaintiff in the amount of approximately $7000.

On or about August 22, 1975, the defendant Eldridge G. Yost, both in his individual capacity and as president of the defendant corporation, executed a ninety day promissory note in favor of the

plaintiff in the principal amount of $10,000. The note, executed on a Vernon National Bank form, was payable at the Vernon National Bank; demand, presentment and notice of dishonor were waived by all makers and endorsers.

The purpose of the note was to reduce the amount of the corporate defendant's indebtedness and to obtain the plaintiff's services for certain work requested by the individual defendant.[1] Moreover, in consideration for the note being executed, the plaintiff agreed not to turn the corporate defendant's account over to an attorney for collection.

On Monday, August 25, 1975, the plaintiff took the note to the Vernon National Bank and left it there to be discounted. The bank, however, at its regular weekly meeting on August 27, 1975, voted not to discount the note because of the corporate defendant's poor credit. The note, left at the bank after discount was refused, was subsequently lost.

Since neither the corporate defendant as maker, nor the individual defendant as endorser, paid the note, the plaintiff instituted the present action.[2]

---

[1] The president and owner of the plaintiff corporation, Francis Dureiko, is also the president and owner of Adams Paving Company. Although Adams Paving Company was also owed a substantial amount of money by the corporate defendant, it did further work for the individual defendant on August 25 and September 2, 1975, because of the fact that the individual defendant had personally endorsed the $10,000 note on August 22, 1975.

[2] Section 42a-3-804 of the General Statutes provides as follows: "LOST, DESTROYED OR STOLEN INSTRUMENTS. The owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms. The court may require security indemnifying the defendant against loss by reason of further claims on the instrument."

One of the issues raised by the plaintiff is whether the trial court erred in finding that the note was undated.[3]  It is well settled that the burden is on the prevailing party to indicate that portion of the record which supports the challenged finding. *Fidelity & Casualty Co.* v. *Constitution National Bank,* 167 Conn. 478, 356 A.2d 117 (1975).

The record reveals that Mr. Tominelli, the assistant vice-president and loan officer at Vernon National Bank, testified that he did not recall a date on the note.  More to the point, he also testified that he did not give the plaintiff a receipt for the note because it was not a negotiable instrument; that while it meant something to the parties, it meant nothing to the bank.

We conclude that the above evidence is reasonably sufficient to support the court's finding that the note which forms the basis of the second count was undated.  The trial court also concluded that the effect of finding that the note was undated was to preclude the enforceability of the note as a negotiable instrument.[4]  If the note had been dated, it would have been payable ninety days after that date.  The absence of a date precluded the note from being negotiable.

As between the original parties, however, a promissory note is nothing more than a written contract for the payment of money.  See comment 3 to § 3-119

---

[3] The record discloses that, but for the absence of the date from which the ninety day period was to run, the note would constitute a negotiable instrument.  See General Statutes § 42a-3-104 (1).

[4] Section 42a-3-115 (1) of the General Statutes provides that a note "while still incomplete in any necessary respect . . . cannot be enforced until completed . . . ."  Section 42a-3-104 provides that "[a]ny writing to be a negotiable instrument . . . must . . . be payable on demand or at a definite time . . . ."

of the Uniform Commercial Code. Since the note was a contract, the fundamental rules governing contract law are applicable. 11 Am. Jur. 2d, Bills and Notes § 1, p. 29. A promissory note remains a simple contract even though lacking an element essential for negotiability.

In sum, the defendant Eldridge G. Yost, in both his individual capacity and his capacity as president of the defendant corporation, executed a note in order to obtain certain services of the plaintiff. The note was accepted by the plaintiff who thereupon caused those services to be rendered. A contract between the plaintiff and the defendants was thereby created and is enforceable as such. We conclude that the trial court erred in not considering the enforceability of the note as a simple contract.

There is error, the judgment as to the second count is set aside and the case remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.