APPLIANCES, INC. *v.* ELDRIDGE G. YOST ET AL.

PETERS, HEALEY, PARSKEY, SHEA and F. HENNESSY, Js.

Argued February 5—decision released April 13, 1982

*David C. Wichman,* with whom, on the brief, was *Jerome I. Walsh,* for the appellant-appellee (named defendant).

*Richard A. Heim,* for the appellee-appellant (plaintiff).

ARTHUR H. HEALEY, J. This is an appeal from a judgment after further proceedings in the trial court following our remand appearing in the case of *Appliances, Inc.* v. *Yost,* 181 Conn. 207, 435 A.2d 1 (1980). The background of this case is more fully developed therein. We find it necessary only to highlight the following facts: This action was initially brought in two counts. The first count alleged a breach of contract against the corporate defendant, Yost Construction, Inc., and the second count was based on an unsatisfied promissory note against the individual defendant Eldridge G. Yost. The trial court rendered judgment for the plaintiff on the first count from which no appeal was taken. With respect to the second count, the trial court rendered judgment for the individual defendant on the basis that the note was unenforceable as a negotiable instrument because it lacked a date and an applicable interest rate. On appeal to this court, we found error in the trial court's ruling on the second count because of the failure of the trial court to consider the cause of action for breach of the contract underlying the promissory note and remanded for proceedings not inconsistent with that opinion.

In the trial court the plaintiff moved for judgment in accordance with that opinion. The defendant objected and claimed that a new trial on the issue of liability on the promissory note under a contract theory was necessary. The court, *J. Shea, J.,* disagreed and stated that "[t]he Supreme Court has found that a contract existed, that the plaintiff caused the services contracted for to be rendered and that there has been no payment. The only question remaining is the amount of damages due the plaintiff." The court thereupon

ordered a hearing limited to the question of damages, interest, costs and attorney's fees. The defendant then moved to amend his answer to introduce the special defense of lack of consideration for the promissory note. The court, *Kelly, J.*, sustained the plaintiff's objection to this motion to amend apparently because such a defense would go to the issue of liability and not to the issue of damages.

At the hearing on damages, the court, *Alexander, J.*, rendered judgment for the plaintiff in the amount of $13,491.38.[1] The defendant has appealed and the plaintiff has cross appealed from this judgment.

The defendant claims that the trial court erred (1) in holding that only a hearing in damages was mandated by our previous remand and (2) in denying his motion to amend his answer to assert a lack of consideration for the "purported" promissory note. The plaintiff alleges error (1) in the trial court's denial of his claim for attorney's fees and (2) in the trial court's failure to rule on his claim for double costs and counsel fees pursuant to General Statutes § 52-245.[2]

It is well settled that " ' "[t]his court cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review

---

[1] This sum consisted of the principal sum of $10,000 on the note and $3491.38 in interest.

[2] General Statutes § 52-245 provides: "In any case in which an affidavit has been filed by the defendant, or a statement that he has a bona fide defense has been made to the court by his attorney, and the plaintiff recovers judgment, if the court is of the opinion that such affidavit was filed or statement made without just cause or for the purpose of delay, it may allow to the plaintiff, at its discretion, double costs, together with a reasonable counsel fee to be taxed by the court."

such findings to see whether they might legally, logically and reasonably be found." ' *Wiegert* v. *Pequabuck Golf Club, Inc.,* 150 Conn. 387, 391, 190 A.2d 43 [1963]; *State* v. *Hudson,* [154 Conn. 631, 634, 228 A.2d 132 (1967)]." *State* v. *Clark,* 160 Conn. 555, 556, 274 A.2d 451 (1970); see *Kaplan* v. *Kaplan,* 186 Conn. 387, 391, 441 A.2d 629 (1982); *Brody* v. *Dunnigan,* 162 Conn. 605, 608, 291 A.2d 227 (1971); *Waterford* v. *Grabner,* 155 Conn. 431, 434, 232 A.2d 481 (1967); *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals,* 143 Conn. 257, 261, 121 A.2d 637 (1956); *Claffey* v. *Bergin,* 121 Conn. 695, 696, 182 A. 16 (1936). It is evident that if the trial court's conclusion that only a hearing in damages was required upon remand is allowed to stand, then the legal principle cited above will be violated.

When this matter was previously before us, we stated: "In sum, the defendant Eldridge G. Yost, in both his individual capacity and his capacity as president of the defendant corporation, executed a note in order to obtain certain services of the plaintiff. The note was accepted by the plaintiff who thereupon caused those services to be rendered. A contract between the plaintiff and the defendants was thereby created and is enforceable as such." *Appliances, Inc.* v. *Yost,* supra, 211. The trial court viewed this language as establishing liability on a contract theory and mandating only a hearing in damages upon remand. It felt bound to hold that a valid contract between the parties existed because our opinion stated that a contract was created and was enforceable.

It appears, however, that the court misconstrued[3] the next sentence of the same paragraph where we stated: "We conclude that the trial court erred in *not considering* the enforceability of the note as a simple contract." (Emphasis added.) *Appliances, Inc.* v. *Yost,* supra. In order to give effect to this conclusion, it was necessary to hold a new trial on the second count of the complaint under a simple contract theory. Instead of using our statement that an enforceable contract existed as a guide in the further proceedings, the trial court erroneously accepted it as a finding of fact establishing the law of the case. Since the trial court which initially heard the matter did not discuss the possibility of enforcing the promissory note under a simple contract theory, there existed no legal conclusion or factual basis which this court could have reviewed in our first opinion. "On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. See Practice Book, 1978, § 3060D. This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. That is the standard and scope of this court's judicial review of decisions of the trial court. Beyond that, we will

---

[3] Any confusion which existed concerning the nature of the remand hearing could have been remedied by either party's filing a motion for reargument; see Practice Book § 3111A; or clarification. See *Powers* v. *Powers,* 186 Conn. 8, 438 A.2d 846 (1982).

not go." (Footnote omitted.) *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). The trial court's interpretation of our previous opinion improperly broadened the scope of our review thereby necessitating a new trial.

Therefore, since a new trial is necessary as to whether the promissory note was enforceable under a simple contract theory, the defendant must also be allowed to amend his answer to raise "lack of consideration" as a defense. We now take up the issues raised by the plaintiff's cross appeal.

The plaintiff claims that the trial court erred in denying his claim for attorney's fees on the basis that there was insufficient evidence upon which to base an award. At the hearing on damages, the plaintiff's attorney stated that reasonable attorney's fees, in this case, would amount to one-third of the value of the promissory note or $3333. To substantiate this claim, the plaintiff's counsel referred the court to the second count of the complaint an amendment to which contained an allegation of an agreement by all makers and endorsers "to pay all costs of collection including a reasonable attorney's fee"[4] and to a supplemental brief, which he had filed at the request of the trial court that heard the previous motion for judgment, *J. Shea, J.,* which allegedly listed all of the legal services which counsel performed throughout this matter. The plaintiff also presented to the court a blank form from the Vernon National Bank which was an exact copy of the form which was used for the lost promissory note in question. This form contained the "reasonable attorney's fee" clause mentioned above.

[4] The defendant, pro se at the time, did not respond to this allegation in his answer.

In its memorandum of decision, however, the court, *Alexander, J.*, stated "[a]s to the claim for attorney's fees, no evidence was produced at the hearing. This lack of evidence renders the question more difficult because this court was not the judge who tried the case. Also, there was no evidence produced as to the time spent by counsel in preparing and in trying the case in the trial court and in the Supreme Court. There was also no evidence produced to demonstrate that the provision for paying a reasonable attorney's fee was included as part of the contract. All these facts point to the conclusion that there is present in this case insufficient evidence on which to base an award for attorney's fees. It is true that the court may use its own general knowledge of what would be a reasonable attorney's fee in such a case. *Taft* v. *Valley Oil Co., Inc.*, 126 Conn. 154, 161 [9 A.2d 822 (1939)]. However, no award for an attorney's fee may be made when the evidence is insufficient. [*Gruskay* v. *Simenauskas*], 107 Conn. 380, 387 [140 A. 724 (1928)]."

Our cases require an evidentiary showing of reasonableness where recovery is sought under a contract clause which provides for payment of "reasonable attorney's fees." *Storm Associates, Inc.* v. *Baumgold*, 186 Conn. 237, 245–46, 440 A.2d 306 (1982); *Stelco Industries, Inc.* v. *Cohen*, 182 Conn. 561, 567–68, 438 A.2d 759 (1980); *Lebowitz* v. *McPike*, 151 Conn. 566, 567–68, 201 A.2d 469 (1964). Courts have a general knowledge of what would be a reasonable attorney's fee for services which are fairly stated and described. See *Piantedosi* v. *Floridia*, 186 Conn. 275, 279, 440 A.2d 977 (1982), and cases cited therein. "Not only is expert testimony not required, but such evidence, if offered, is

not binding on the court. *Taft* v. *Valley Oil Co., Inc.,* 126 Conn. 154, 161, 9 A.2d 822 (1939) ; *Carangelo* v. *Nutmeg Farms, Inc.,* 115 Conn. 457, 463, 162 A. 4 (1933) ; *Gruskay* v. *Simenauskas,* 107 Conn. 380, 387, 140 A. 724 (1928). Also see our recent decision in *Storm Associates, Inc.* v. *Baumgold,* 186 Conn. 237, 440 A.2d 306 (1982)." *Piantedosi* v. *Floridia,* supra.

Contrary to the trial court's statement that no evidence concerning attorney's fees was produced at the hearing, it appears that some evidentiary material did exist for the court to consider on that issue. It had already been established at the first trial that a promissory note existed and was executed on a form from the Vernon National Bank which contained the "reasonable attorney's fee" clause. A supplemental brief filed by the plaintiff, at the court's, *J. Shea, J.,* request, itemized counsel's services to that time. These materials, combined with the court's own general knowledge, could serve to provide a basis for the court to decide the right to and amount of "reasonable attorney's fees."[5] See *Piantedosi* v. *Floridia,* supra, 279; *Hoenig* v. *Lubetkin,* 137 Conn. 516, 525, 79 A.2d 278 (1951). Therefore, it was error for the court to hold that there was an insufficient basis upon which to make an award of attorney's fees and, at the new trial, the parties must be allowed to litigate this issue fully.

Finally, the plaintiff has claimed that the court erred in failing to rule on its claim for double costs and attorney's fees pursuant to General Statutes

[5] We also note that the trial court had the entire file before it from which it could estimate the approximate number of hours devoted to the pleadings. See *Piantedosi* v. *Floridia,* 186 Conn. 275, 279, 440 A.2d 977 (1982).

§ 52-245. It is apparent that the plaintiff made this claim at the original trial, at the hearing on the motion for judgment and at the hearing on damages, but at no time has this matter been decided or even mentioned by any trial judge. Suffice it to say that this also is an issue which should be fully presented and decided at the new trial in addition to the other matters which we have outlined in this opinion.

There is error, the judgment as to the second count is set aside and the case is remanded for a new trial on the second count to determine the issues of attorney's fees, double costs and fees pursuant to § 52-245 and the enforceability of the promissory note under a simple contract theory.

In this opinion the other judges concurred.