NORTHEAST ELECTRICAL CONTRACTORS *v.*
LEONARD UDOLF ET AL.
(2320)

TESTO, DUPONT and BORDEN, Js.

Argued November 1, 1983—decision released January 10, 1984

*Laurence M. Wood,* with whom, on the brief, was *Howard M. Wood III,* for the appellant (named defendant).

*Richard P. Weinstein,* for the appellee (plaintiff).

DUPONT, J. The plaintiff and the defendant entered into a written contract which provided that the plaintiff was to perform electrical work on premises owned by the defendant.[1] The agreement provided that full payment was to be made upon completion of the work, although the agreement did not specify any particular time for completion.

When the defendant failed to pay the plaintiff the balance of the sum due under the contract upon the alleged completion of the plaintiff's work, the plaintiff gave written notice to the defendant of its intent to file a mechanic's lien. Such a lien was filed and suit was subsequently brought for foreclosure of the lien and for money damages. The defendant counterclaimed, seeking damages for the failure of the plaintiff to complete its work and for damage to the roof of the premises allegedly caused by the plaintiff. The trial court rendered judgment for the plaintiff, awarding it damages and a foreclosure of its mechanic's lien. The defendant appeals from that judgment.[2]

---

[1] As used in this opinion, "defendant" refers to Leonard Udolf, the owner of the premises. Other defendants are those with interests in the realty as recorded on the land records of the town of West Hartford.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The court did not specifically render judgment on the defendant's counterclaim but did find the defendant had not proved that the damages to his roof had been caused by the plaintiff's failure to complete the work or by the plaintiff's premature completion of the work.[3]

On appeal, the defendant claims that the plaintiff failed to prove a completion date for the work and that, therefore, the plaintiff's mechanic's lien was invalid. The validity of the mechanic's lien was not questioned during the trial nor was the issue raised by the defendant in his preliminary statement of issues. This court is not bound to consider claims of law not raised at trial. Practice Book § 285A. Only upon appellate review, does the defendant claim that the mechanic's lien is invalid on the ground that it was not filed within sixty days after the completion of the plaintiff's work.[4] This claim is not considered.[5]

The findings of the court that the plaintiff performed its work within a reasonable period of time and that

[3] Since the trial court did not render judgment on the defendant's counterclaim but found the facts necessary to do so, those facts are deemed tantamount to the rendition of judgment for the plaintiff on the defendant's counterclaim. See *Scoville* v. *Scoville,* 179 Conn. 277, 280, 426 A.2d 271 (1979); *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 535, 294 A.2d 573 (1972).

[4] General Statutes § 49-34, in pertinent part, reads as follows: "CERTIFICATE OF LIEN TO BE RECORDED AND NOTICE GIVEN TO OWNER. A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within sixty days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land . . . ."

[5] It should be noted, however, that the court found that the plaintiff's performance was complete on September 30, 1980, and that the lien was filed on November 28, 1980. The factual findings of the court would not be disturbed even if the claim were considered unless they were clearly erroneous in light of the evidence and pleadings as a whole. *Kaplan* v. *Kaplan,* 186 Conn. 387, 391–92, 441 A.2d 629 (1982); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). Such is not the case here.

the sum of $9043.54 was due to the plaintiff are reasonable findings and should not be disturbed.

The defendant's counterclaim is based on premature performance by the plaintiff which, it is alleged, caused the defendant monetary harm. The contract of the parties did not specify a time for performance. When such is the case, the law will imply that the parties intended that it be completed within a reasonable period of time. *Cohn* v. *Dunn,* 111 Conn. 342, 347, 149 A. 851 (1930). The particular amount of time which is a reasonable period of time is a question of fact to be determined by the trier. If the trier makes a factual conclusion and it is reasonably consistent with the subsidiary facts found, the ultimate finding will not be disturbed. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982).

The trial court found that the plaintiff performed the contract within a reasonable period of time, that the plaintiff did not cause damage to the defendant because of a premature performance, and that the damage to the roof of the premises was not caused by the plaintiff. These facts are not clearly erroneous and were logically and reasonably found.

There is no error.

In this opinion the other judges concurred.