[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE
The plaintiff brings this action on an alleged commercial promissory note on which the defendant is alleged to be an endorser. The defendant has denied his indebtedness and the demand for payment and in three special defenses alleges (1) that the plaintiff has failed to seek satisfaction of its debt, a corporate debt, from the assets of the corporation, which bars the action against him; (2) the plaintiff has failed to marshall its security against corporate assets in which the plaintiff has a secured interest; and (3) the plaintiff has failed to proceed against the security and collateral of the primary obligor, the corporation, which bars action against the defendant. The plaintiff moves to strike the three special defenses as legally insufficient in that the plaintiff has no duty in law or in contract to proceed first against the corporation.
A special defense is a pleading which avoids liability despite the truth of the allegations of the complaint Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 7. It need not be made as a denial of any of the allegations of the complaint. Apuzzo v. Hoer, 125 Conn. 196, 204. These special defenses allege that the action against the defendant is barred unless certain conditions are met by the plaintiff. What is necessarily implied is that the defendant set such conditions as terms for its endorsement of the note alleged in the complaint. As between the original parties, a note as alleged in this complaint, is no more than a written contract. Appliance, Inc. CT Page 302 v. Yost, 181 Conn. 207, 210. Although the plaintiff in its memorandum of law refers to the language of the note and quality, the court is not free to use such language since the plaintiff has not incorporated it into the complaint pursuant to P.B. 141. In ruling upon the motion to strike, the court is limited to the facts alleged and must construe them favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170. Since what is necessarily implied need not be expressly alleged, Wexler Construction Co. v. Housing Authority,144 Conn. 187, 193, the defendant has alleged in its special defenses conditions to be found in the note alleged in the complaint. Whether such an agreement was made and whether there has been fulfillment of the conditions are questions of fact. John J. Brennan Construction Corporation, Inc. v. Shelton,187 Conn. 695, 710.
For the above reasons, the motion to strike is denied.
CORRIGAN, J.