[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT
A judgment of strict foreclosure entered in this matter on November 2, 1992 pursuant to a Stipulation between the parties wherein the defendants did not "contest the establishment of the debt owed the Plaintiff under the subject Mortgage Note and Mortgage Deed in accordance with the Plaintiff's Affidavit of Debt. . ." #3, Stipulation. The defendants reserved the right to contest the appraisal, environmental and attorneys' fees, late charges, applicable rate and calculation of interest for mathematical errors with respect to any deficiency judgment. Pursuant to the Stipulation the court set the first law day on November 3, 1992. None of the defendants redeemed and title vested in the plaintiff on November 3, 1992. Thereafter the plaintiff filed a timely Motion for Deficiency Judgment.
On April 30, 1992 this court heard testimony and argument on the Motion for Deficiency Judgment and found that the fair market value of the property on the date title vested in the plaintiff was $687,500.00. The court reserved decision on the amount of attorneys' fees, appraisal fees and other fees claimed by the plaintiff as well as the amount of interest due to the plaintiff.
At the hearing on the Motion for Deficiency Judgment the defendants argued that the court should not award interest to the plaintiff or should award a lesser amount of interest to the plaintiff because of the delay between the time the foreclosure action was commenced and the time on which the foreclosure judgment was entered.
The defendants argue that they were prepared to stipulate to a judgment of strict foreclosure in October of 1991. The judgment was not entered until more than a year later. If the delay in obtaining judgment was due to the plaintiff's failure to diligently pursue the action, then the court might find that equity warranted a denial of the plaintiff's claim for interest during the period of delay. However, the court finds that a substantial portion of the delay was attributable to the defendants' request that the plaintiff restructure the note and CT Page 7057 mortgage and the negotiations between the parties to effect that restructuring. Negotiations broke down on September 22, 1992 and a judgment of strict foreclosure entered on November 2, 1992.
The defendants do not claim that the plaintiff engaged in bad faith negotiations. Rather the defendants urge that "the court should find that by choosing to negotiate when it had power to `pull the plug,' the plaintiff assumed the risk of loss during the negotiation and is therefore not entitled to interest, especially at 14.25% per annum [the default rate under the note] during this period.
The defendants' argument bears some resemblance to the argument of the proverbial child who kills his parents and then throws himself at the mercy of the court as an orphan. The evidence submitted by the parties shows that the defendants realized that if the plaintiff did "pull the plug", or foreclose the mortgage, the defendants would loose whatever equity or investment they had in the mortgaged premises. The evidence further discloses that the defendants do not contest that they were in default under the terms of the note and mortgage. The defendants, presumably in an attempt to preserve their investment in the property and avoid foreclosure, requested the plaintiff to negotiate. At the time they made this request the defendants were aware that the note contained a default interest rate. The court can find no reason in law or equity which would permit a defaulting mortgagor to avoid paying interest on the note, under the circumstances of this case. Moreover, were the court to deprive the mortgagee of interest as the defendants urge it to do, this would certainly have a chilling effect on any mortgagee's willingness to negotiate with mortgagors to avoid foreclosure.
The defendants urge the court, in the alternative, to refrain from imposing the default rate under the note because such rate is a "penalty".
A note is a contract. Appliances, Inc. v. Yost,186 Conn. 673, 677, 443 A.2d 486 (1982). In this case the parties agreed to the interest rate and the default interest rate charged under the note. The interest rate found in this mortgage note is not subject to a statutory limitation on interest rates found in 37-4 of the Connecticut General Statutes. Connecticut General Statutes 37-9. Absent equitable CT Page 7058 reason for doing so, which the court does not find in this case, a refusal to award the interest rate agreed to by the parties under the note upon default would amount to the court improperly remaking the contract of the parties. Guaranty Bank and Trust Company v. Dowling, 4 Conn. App. 376, 385, 494 A.2d 1216 (1985).
The plaintiff claims late fees under the note in the amount of $5,511.80. The defendants deny liability for late fees under the circumstances of this case. The promissory note between the parties states:
 In the event Note Holder does not receive any payment due under the terms of this Promissory Note or Mortgage Deed securing the Promissory Note within (10) days after the due date of such installment or payment, Maker shall immediately pay the Note Holder a charge equal to (5%) of such installment or payment not received on or prior to such date, to cover the additional expense involved in handling such overdue of installment of payment.
The defendants argue that the late fee charge is not applicable because there were no late installments of payments to handle. The court agrees with the defendants that there were no additional expenses involved in handling the overdue payments in this case and, therefore, the late fee clause is not applicable and the defendants are not liable for same.
The plaintiff is also claiming the amount of $5,075.25 for environmental consultant fee. The defendants correctly point out that there has never been any evidence introduced of any environmental problem on the mortgaged premises. The plaintiff has failed to offer any evidence as to the reasonableness or necessity of that expense and, therefore, the defendants are not liable for the amount of $5,075.25 for the environmental consultant fee.
The court finds the reasonable amount of the plaintiff's attorney's fees is $12,000.00 and the reasonable amount of both the total appraisal fees is $4,500.00 and awards those amounts to the plaintiff. Based on the foregoing the court finds the total debt as of November 2, 1992 was $708,800.88 and the deficiency judgment which is awarded against the defendants is $21,300.88. CT Page 7059
By The Court
Aurigemma, J.