[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
The plaintiffs, Cynthia M. Obst, Emma and Francis Dellarippa, Richard L. and Betty V. Farone, and Astro Multiform and Spring, Inc., have moved for the entry of judgment following the entry of a jury verdict in their favor on September 18, 1993. The jury found in favor of the plaintiffs on Count 2 of the Complaint, which alleged untrue statements of material fact in the sale of securities in violation of 36-472 of the Connecticut General Statutes, and Count 3 of the Complaint, which alleged sale of an unregistered security in violation of 36-485 of the Connecticut General Statutes, and awarded the plaintiffs amounts as follows: Cynthia M. Obst, $30,000; Emma and Francis Dellarippa, $60,000; Richard L. and Betty V. Farone, $15,000; and Astro Multiform and Spring, Inc., $23,600. The jury found in favor of the defendant on the counts which alleged breach of a fiduciary duty, and fraudulent CT Page 1153 conveyance.
Based on the jury's verdict, the plaintiffs are also entitled to an award of interest at the rate of 10 % per annum pursuant to37-3a of the Connecticut General Statutes from the date they made payment for the securities in question, costs and attorneys' fees pursuant to Connecticut General Statutes 36-498(a).
The defendant argues that the court should apportion the amount of attorneys' fees claimed by the plaintiffs between the counts of the complaint and reduce the fees based on the counts on which the plaintiffs did not recover.
In Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172,510 A.2d 972 (1986), the plaintiff sought an award of attorneys' fees under 36-498. The plaintiff prevailed at trial on three of the five counts of the complaint, including the count which alleged a violation of 36-498. The defendants demanded that the trial court reduce the attorneys' fee claim by two-fifths. The Supreme Court upheld the trial court's award of the entire amount of attorneys' fees and stated:
 Because the amount he expended on litigation including the dollars spent on his unsuccessful claims, were devoted to the pursuit of a goal that he achieved, the trial court permissibly rejected the defendants' demand that it reduce the award by two-fifths. Id. at 195.
Under the rationale of Russell v. Dean Witter Reynolds, Inc., supra, the plaintiffs should not suffer a reduction in the amount of attorneys' fees they reasonably incurred simply because he did not succeed in prevailing upon all of his claims.
The defendant has also claimed that the court cannot award any attorneys fees to the plaintiff because they have not presented any evidence as to those fees. At the hearing on the issue of attorneys' fees, which occurred after the jury rendered its verdicts, the plaintiffs' attorney stated that he had entered into contingency fee agreements under the terms of which the plaintiffs agreed to pay him one third of the amounts collected from the defendant.
No award of attorneys' fees may be made where the evidence is insufficient. Appliances, Inc. V. [v.] Yost, 186 Conn. 673, 680,443 A.2d 486 (1982). However, courts have a general knowledge of what CT Page 1154 would be a reasonable attorney's fee for services which are fairly stated and described. Id. In this case the court was able to observe that the plaintiffs' attorney rendered services to them during the course of the trial. Therefore, the court can award attorneys' fees for services which were observed, and for services which the court can reasonably infer were rendered in preparation for trial. The court cannot award the plaintiffs attorneys' fees against a third party based only on the existence of a contingent fee agreement between them and their attorney.
Based on the foregoing, the court awards the plaintiff, Cynthia M. Obst, attorneys' fees in the amount of $6,000, the plaintiffs, Emma and Francis Dellarippa, attorneys' fees in the amount of $12,000, the plaintiffs, Richard L. and Betty V. Farone, attorneys' fees in the amount of $3,000, and the plaintiff, Astro Multiform and Spring, Inc., attorneys' fees in the amount of $4,500.
By the Court, ___________________ Aurigemma, J.