[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
CT Page 9696
On June 9, 1997, the plaintiff, Donald Kahle, filed an action to foreclose on a note secured by property owned by the defendants Barbara and Harold Eagle. On August 20, 1997, the defendants filed revised special defenses and a revised counterclaim.
On September 23, 1997, the plaintiff filed a motion to strike the defendants' special defenses and counterclaim. The plaintiff states the ground for the motion as "said special defenses and counterclaims are legally insufficient as more fully set forth in the [m]emorandum of [l]aw attached hereto." The defendants have filed a memorandum in opposition.
The court notes, as an initial matter, that the plaintiff's motion is fatally defective by virtue of his failure to state, within the motion itself, the grounds for the motion. Where the movant does "not specify the distinct reasons for the claimed insufficiency of the [subject pleadings] in its motion, the motion [is] fatally defective under Practice Book § 154 notwithstanding the [movant's] inclusions of such reasons in its supporting memorandum. . . ." Bouchard v. People's Bank,219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991). Such defect is waivable "due to the [nonmovants'] failure to object to its form and the nonjurisdictional nature of § 154." Id. See also North ParkMortgage Services Inc. v. Pinette, 27 Conn. App. 628, 630,608 A.2d 714 (1992).[1]
In the present case, the defendants have not objected to the form of the plaintiff's motion. The defendants, therefore, waive the defect and the court will consider the merits of the motion.
Special Defenses
"A motion to strike is the proper vehicle by which to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979). "In its ruling on the [plaintiff's] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992). CT Page 9697
Practice Book § 164 states: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. . . ."[2]
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." FederalDeposit Ins. Corp. v. Napert-Boyer Part., 40 Conn. App. 434, 445,671 A.2d 1303 (1996).
"As a general rule, [the] defenses available in a foreclosure action are limited to payment, discharge, release, satisfaction or invalidity of a lien." People's Bank v. Lucas, Superior Court, judicial district of Waterbury, Docket No. 126390 (Jan. 19, 1996, Kulawiz, J.). However, "[f]oreclosure is an equitable proceeding[.] [T]he court may consider, aside from these specifically enumerated defenses, all relevant circumstances to ensure that complete justice is done. The determination of what equity requires in a particular case is a matter for the discretion of the court." People's Bank v. Lucas, supra, Superior Court, Docket No. 126390.
"Equitable special defenses are . . . limited to those which attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citation omitted; internal quotation marks omitted.) Monument Realty v. Youmatz,
Superior Court, judicial district of Litchfield, Docket No. 071092 (Feb. 18, 1997, Pickett, J.).
"Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury; . . . unconscionability of interest rate; . . . duress or coercion and material alteration; . . . payment; . . . discharge; . . . fraud in the factum; . . . and lack of consideration." (Citations omitted.) Fleet Bank v. Barlas, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518205 (Jun. 29, 1994, Aurigemma, J.). CT Page 9698
The plaintiffs state in their memorandum of law that they are moving to strike the defendants' special defenses and counterclaim because "[i]n their [s]pecial [d]efenses and [c]ounterclaims, the defendants have alleged no facts which address the validity, making or enforceability of the note and mortgage which are the subject of the foreclosure action." The plaintiffs state further that "[t]he defendants have not alleged . . . that there was a lack of consideration for the note or mortgage. Instead, the defendants try to argue by analogy that the alleged failure of consideration for the sale and purchase agreement for the plaintiff's business amounts to a lack of consideration for the note or mortgage."[3]
"As between the original parties . . . a promissory note is nothing more than a written contract for the payment of money. . . . Since [a] note [is] a contract, the fundamental rules governing contract law are applicable." Appliances, Inc. v.Yost, 181 Conn. 207, 210-11, 435 A.2d 1 (1980).
A careful reading of the first special defense indicates that it consists of four paragraphs essentially stating that there was no consideration provided for the mortgage and note. Specifically, the defendants allege that the subject promissory note was given "in exchange for a receipt of assets . . . which . . . were not delivered to the [d]efendant by the [p]laintiff" in the promised condition. The second special defense (paragraph one "as to the defendant, Barbara G. Eagle") is also a special defense based on a lack of consideration.
Both of these special defenses address the making and validity of the subject note. Under a contract theory of a note, lack of consideration can render the note invalid. See Appliances, Inc. v.Yost, 186 Conn. 673, 443 A.2d 486 (1982). If the note is proven invalid due to a lack of consideration, there is no note on which to foreclose and the plaintiff would have no cause of action against the defendants. These special defenses, therefore, are legally sufficient.
The third special defense (paragraph two "as to the defendant, Barbara G. Eagle") states that "[t]he [p]laintiff failed to disclose the terms of the credit transaction or to notify the said [d]efendant of her right to rescind the mortgage financing as required by federal law." CT Page 9699
The defendants fail to provide the court with any authority which indicates that their third special defense, if proven true, would render the plaintiff without a cause of action.
The motion to strike the defendants' special defense as to Harold Eagle and the first paragraph of the special defense as to Barbara Eagle is denied. The motion to strike the defendants' second paragraph of the special defense as to Barbara Eagle is granted.
Counterclaim
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985).
"Practice Book § 116 provides, in pertinent part, `any defendant may file counterclaims against any plaintiff . . . provided that such counterclaim and cross-claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint.' The test is whether judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counterclaim]. A court must consider whether a substantial duplication of effort would result if each claim was decided separately. . . .
"An analysis of those cases recognizing . . . counterclaims [to foreclosure actions] suggest that they are proper only when they . . . attack the note itself, rather than some act or procedure by the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage. . . ." (Citations omitted; internal quotation marks omitted.) Source One v. Dziurzynski,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.).
Paragraph four of the defendant's counterclaim states "as partial consideration for the [a]greement of [s]ale and [p]urchase and in reliance on the [p]laintiff's representation of [certain warranties], the [d]efendant issued a [p]romissory [n]ote. . . ." Other paragraphs allege, in essence, that in exchange for the promissory note (and other consideration), the defendant received a defective computer system and fraudulently misrepresented customer CT Page 9700 lists. Additionally, the defendant alleges that after transferring the accounts to the defendant, the plaintiff improperly continued to collect money from the lock boxes of customers.
The defendants' counterclaim does not arise out of the same transaction found in the plaintiff's complaint. The plaintiff's complaint contains no mention of the agreement of sale and purchase addressed in the defendants' counterclaim. It may or may not be true that the note was used as consideration for the agreement. The plaintiff's cause of action for the defendants' failure to pay on the note, however, is not sufficiently related to the defendants' cause of action regarding the plaintiff's actions following the execution of the agreement to be allowed as a counterclaim. The defendants' allegations might very well be actionable. They, however, are improperly brought as a counterclaim to the foreclosure action.
The plaintiff's motion to strike the defendants' counterclaim is granted.
Hickey, J.