[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By their revised complaint, dated May 30, 1997, the plaintiffs, David E. Nellis and Barbara Nellis, claim:
In count one, that the defendant, Fairbanks Capital Corp (Fairbanks) breached its contract with the plaintiffs;
In count two, that Fairbanks violated the Connecticut Unfair Trade Practices Act; In count three, that the defendant, Farmers Mechanics Bank (Farmers) violated the Connecticut Unfair Trade Practices Act;
In count four, that Farmers violated the Connecticut Unfair Trade Practices Act;
In count five the plaintiffs seek a declaration judgment.
The defendants, Fairbanks and Farmers, filed their answers and special defenses and the parties were at issue.
After a full trial, the court, based on a preponderance of CT Page 8085 the credible, relevant, reliable and legally admissible evidence and the logical, legal and rational inference to be drawn therefrom finds, determines and rules as follows:
In October of 1991, Farmers instituted three foreclosure actions against the plaintiffs to wit:
a. CV91-004067S involving 50 Airline Drive, Portland, Conn.
b. CV91-0063450S involving 6 Maple Place, Middletown, Conn.
c. CV91-0063451S involving 4 Maple Place, Middletown, Conn.
On December 9, 1994, trial of these matters was commenced in this court. Testimony was taken during the morning session. Following the recess, the parties stipulated to judgments of strict foreclosure in each file. The judgments in each file found the debt, the value of each property and set the law date.
In addition, the plaintiffs and Fairbanks entered into an agreement which was not part of the judgment or otherwise entered in the court record.
The agreement seems to indicate that the defendants, within the law days, would bring current the existing mortgages or upon the running of the law days, Fairbanks would reconvey Airline Avenue to the plaintiffs upon refinancing at standard terms and that Fairbanks would discount the debts up to $5,000.00 on each of the Maple Place properties should the plaintiffs choose to remortgage those premises.
While negotiating the terms of the refinancing and possible reconveyance of the properties, the plaintiffs voluntarily and without request of Fairbanks continued to make payments up to and after the law days scheduled by the court. The plaintiffs sent in payments totaling $8,578.09 prior to the law days. After the running of the law days the plaintiffs paid an additional $5,702.81 to Fairbanks. As with the pre-law day payments, Fairbanks did not request any payments.
Fairbanks applied the pre-law day payments to the mortgage debt and treated the post law day remittances as payments by the plaintiffs for their use and occupancy of the premises.
Partial payments of a mortgage debt does not preclude the prosecution of a foreclosure action to its conclusion. See City Savings Bank ofCT Page 8086Bridgeport v. Dessoff, 3 Conn. App. 644, 491 A.2d 424 (1985). The commencement of a foreclosure action does not freeze or limit the debt. The interest and other expenses such as taxes and insurance continue to accrue and are changeable to the mortgagee. The debt is collectable after a foreclosure through a deficiency judgment. The voluntary payments by the plaintiffs, here, reduced their debt to Fairbanks as the remittances were applied to the mortgage debt up to the running of the law days.
The post law day payments amounted to payments of $474.24 per month prior to the plaintiffs being ejected from the property.
The situation of the parties has been addressed by our Supreme Court in Small Business Investment Co. v. Cavallo,188 Conn. 286 at 288, 449 A.2d 988 (1982).
Upon the passage of the law days the plaintiffs had no rights to the property, their continuance in possession was wrongful and they became, at worse, trespassers, or at best, tenants at sufferance and as such had an obligation to pay the reasonable rental of the property.
"It was incumbent upon the court to determine the reasonable rental value, and the failure to do so was error." Ibid, 288.
This court finds that Fairbanks properly treated the plaintiffs post law day payments as use and occupancy payments in the amount of $474.24 per month, which this court finds to be the reasonable rental value of the premises.
Fairbanks purchased the mortgages from Farmers and is the successor in interest Farmers.
The court expressly finds that the plaintiffs failed to prove that either Farmers or Fairbanks violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-11Oa, et seq. CUTPA requires more than the proof of error or mistake. It is necessary to prove an act or practice which is fraudulent, unethical, immoral, unscrupulous or otherwise offensive to some particular public policy. See Jacobsv. Healey Ford-Subaru. Inc., 231 Conn. 707, 725-26 (1995). The plaintiffs have failed to present the court with evidence sufficient to persuade the court that the defendants violated CUTPA.
The court further finds that the agreement providing for the refinancing of the Maple Street premises did not indicate that Fairbanks would provide a mortgage and did not indicate a time for performance. Where there is no specified time for performance, the law will imply CT Page 8087 that the parties intended a reasonable time for performance. NortheastElectrical Contractors v. Leonard Udolf, 1 Conn. App. 169, 172,469 A.2d 419 (1984). Such reasonable period of time is a question of fact to be determined by the trier. Appliances v. Yost, 186 Conn. 673,676-77, 443 A.2d 486 (1982).
Under the facts and circumstances in this case, the court finds that the plaintiffs failed to obtain financing within a reasonable time after the entering of judgments of foreclosure January 9, 1994. Therefore, the agreement between the parties terminated because of the failure of the plaintiffs to perform within a reasonable time. 17 Am.Jur. 2nd., [Am.Jur.2d], Contracts Sec. 545.
The plaintiffs, in count five of their complaint, seek a judgment declaring that, because they continued to make payments after foreclosure up to and after the law days and because Fairbanks accepted same, an equitable mortgage was created. The court has determined that the acceptance of post judgment, pre and post law day payments by Fairbanks was proper in that said payments reduced the mortgage debt and served as use and occupancy payments. Accordingly, the court declines to issue said declaration judgment.
In sum, the court finds the issues on all counts of the complaint for the defendants.
Therefore, judgment is hereby entered for the defendant, Fairbanks Capital Corp. on counts one, two and five of the plaintiffs' complaint and judgment is hereby entered for the defendant, Farmers Mechanics Bank on counts three, four and five of the plaintiffs' complaint, with costs of suit.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE