[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In accepting the report of the attorney trial referee ("ATR") on June 6, 2000, the court left open the issue of reasonable attorney's fees to be awarded to the plaintiff's attorney pursuant to Section 47-258 (g). Nevertheless, the ATR recommended that the court approve $8500.00 of the $13,440.00 sum requested, observing that the 62 hours claimed reflected a measure of inefficiency. With post trial proceedings the attorney's fee requested is now up to $16,387.50.
An evidentiary hearing was held with regard to the reasonableness of the fee. Appliances, Inc. vs. Yost, 186 Conn. 673, 680 (1982). The court finds that the fees requested are unreasonable for the reasons that follow.
Attorney Epstein had no stenographic help at the time and therefore wrote everything out, including simple, recurring pleadings such as demands for disclosure of defense and requests for continuance. Although in possession of a computer it was not attorney Epstein's practice to input standard pleadings into the computer or retrieve them with such printed modifications as may be appropriate to the particular case. Attorney Epstein did his own typing. All stenographic type work was charged out at the attorney's hourly rate. Time charges for many, if not most, of the time entries set forth in the affidavit are excessive. For example, .40 hours for a 3 line letter (Ex. 1) and 15 minutes to review an appearance are excessive. Preparation of affidavits to support attorney's fees are charged separately and are not absorbed into the hourly rate.
The court attaches strong significance to attorney Epstein's admission that he made a $2100.00 error in billing when he quoted the defendant's attorney a fee of $3,500.00 in October of 1997 when the fee should have been no more than $1,400.00. The court finds that this error prevented a settlement of the matter at an early stage.
The propriety of the scope of the services and the amount of the fees must be determined by reference to the several well settled guidelines CT Page 8769 set forth by our Appellate Court in Steiger v. J.S. Builders, Inc.,39 Conn. App. 32, 38 (1995). The guidelines however are by no means exclusive. The court is certainly free to consider characteristics of the billings which reveal waste, excess, duplication and the like.
While most of the guidelines are unremarkable as applied to this case certain of the guidelines are particularly remarkable. For instance, guideline (2) the novelty and difficulty of the questions, and (3) the skill requisite to perform the legal service properly, are remarkable because by the nature of the case, the attorney would merit low scores on these guidelines. This was nothing more than a garden variety foreclosure of a statutory condominium lien that demanded no special skill and could have been handled routinely. But the most dramatic guideline in this case is (8) the amount involved and the results obtained.
As in Steiger, supra, the amount of the attorney's fees vastly exceeds the amount of the debt, viz: $16,387.50 vs. $5,606.11. Whereas in Steiger the requested attorney's fees substantially equaled the damages, here they are approximately three times the debt. The court at page 39 of its opinion gave its approval to the due consideration of this factor by the trial court in assessing reasonableness. It is also appropriate for the court to consider the relationship of the claimed fee to the value of the property being foreclosed. In this case the value of the property was found to be $46,000.00.
The court also is mindful of the fact that the defendant not only denied the essential allegations of the complaint but asserted special defenses and a counterclaim.
Under our statutory scheme the defendant in a foreclosure action must bear the costs of both sides of the litigation. The danger inherent in this arrangement is that the defendant may be reluctant to raise a meritorious defense because he fears that if he loses he will have to pay not only his own cost of defense but the plaintiff's costs as well.
In Markt v. Ro-Mart, Inc., 471 F. Sup. 1292, 1299 (1979), the District Court expressed well the policy concerns which flow from the practice of fee shifting. "Contractual provisions requiring payment of attorneys' fees present a would-be litigant with a serious dilemma: on the one hand, the defendant sued under a contract with such a provision should, like all other litigants, present those defenses reasonably available, and should pursue them with an appropriate level of vigor. On the other hand, the defendant does so at the risk of losing far more than he may have bargained for in that should he lose, he will be liable not only for the damages sought in the suit on the merits, but in addition for the litigation expenses and attorneys' fees incurred by the plaintiff in CT Page 8770 rebutting the defendant's own arguments. The court finds this dilemma inequitable. The court must therefore strike some balance between the utility of fees clauses in preventing frivolous or dilatory tactics, and the disutility that such clauses serve when they discourage or might discourage the bringing of a possibly meritorious defense. In order to strike this balance, the court must, as a matter of public policy, read into the fees clause an exception to defendant's liability for fees where the fees were incurred in opposing a reasonable, good faith defense".
While this court is unwilling to read such a blanket exception into47-258 (g) it is entirely appropriate to apply a balancing test between the statute's salutary purpose of encouraging compliance with the declaration and timely payment on the one hand and discouraging the assertion of good faith defenses, counterclaims and setoffs on the other. The results of this test are reflected in the award.
Having the considered the evidence in light of the guidelines and in an attempt to balance the plaintiff's statutory right to reasonable attorney's fees with the defendant's right to assert vigorously her legitimate defenses the court awards the sum of $5,000.00 as a reasonable attorney's fee under the circumstances.
THE COURT
A. WILLIAM MOTTOLESE, J.