[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff has alleged that on May 31, 1989 R C Construction, Inc. became indebted to the plaintiff's predecessor bank in the sum $1,500,000 as evidenced by a promissory Note executed on that date (the "Note"). To secure the Note, R C Construction, Inc. executed an open-ended mortgage deed (the "Mortgage") in favor of the plaintiff's predecessor bank on property known as Ledge Road, Plainville, Connecticut. To further secure the Note, the defendant, Rejean Carrier, guaranteed payment and performance of any and all obligations of R C Construction Inc. to the plaintiff by a guarantee agreement dated May 31, 1989.
The Note provided for monthly installments of interest to be paid on the first day of each month and further provided that the entire amount of the principal together with interest was due and payable on June 1, 1992. In accordance with the terms of the Note the plaintiff demanded payment in full on August 27, 1992 and when payment was not forthcoming, the plaintiff commenced this lawsuit.
The defendant Rejean Carrier has filed an answer and special defenses to the plaintiff's complaint in which he alleges that interest payments on the Note are current and the plaintiff accepted those payments after making demand and starting the present action and has, therefore, waived its right to foreclose. In his answer, Carrier admits that he executed the guarantee agreement which guaranteed payment and performance of any and all obligation of R C Construction Inc., specifically any liability pursuant to the Note and Mortgage. Carrier further admitted that R C Construction, Inc. mortgaged Ledge Road, Plainville, Connecticut to the plaintiff in order to further secure the Note.
The issue before the court is one of law. Is a bank deemed to have waived its right to foreclose a mortgage when it accepts monthly interest payments due under the mortgage note after the maturity date (date principal balance is due) specified in the note and after the bank has commenced a foreclosure action?
The defendant Carrier has cited no law to support his CT Page 6132 contention that where a bank continues to accept interest payments after the principal balance of a note is due, it waives its right to collect the principal balance by foreclosure, or otherwise. The terms of the Note clearly provide for a continuing obligation to pay interest under the Note after the maturity date of the Note:
 After maturity, by acceleration or otherwise, and during the continuance of any default hereunder or under any of the Loan Documents releasing hereto, whether or not notice of such default has been given to the Maker, the interest rate due hereunder will increase to the lesser of (a) the Lenders' Prime Rate of interest plus two per cent (2%) or (b) the highest rate of interest allowed by law. (The "Post Maturity Rate").
Moreover, once a bank declares an intention to accelerate and foreclose a mortgage, the borrower cannot bar foreclosure by payment of any amount less than that specified in the acceleration provision of the mortgage. City Savings Bank of Bridgeport v. Dessof, 3 Conn. App. 644, 655,491 A.2d 424, cert. denied, 196 Conn. 811, 495 A.2d 279
(Conn.App. 1985); 55 Am.Jur.2d Mortgages, 390. For the foregoing reasons, the Motion for Summary Judgment is granted on liability only as to Rejean Carrier.
By the Court
Aurigemma, J.