[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff has moved for summary judgment on its complaint and the defendants' counterclaim in this foreclosure action on the grounds that there are no material issues of fact and it is entitled to judgment as a matter of law. For the reasons set forth below the court grants a summary judgment in favor of the plaintiff on the complaint. However, the court finds that a material issue of fact exists as to the counterclaim and denies the Motion for Summary Judgment thereon.
The complaint in this action alleges that on April 2, 1987 the defendants, William J. Schwartz and Lynell A. Schwartz (the "Schwartzes"), executed a note to Imperial Savings Association or order in the original principal amount of $133,000, which note was secured by a mortgage on property in Westbrook, Connecticut (the "subject property"). The complaint further alleges that the note and mortgage were assigned to Source One Mortgage Services on January 29, 1989, that the Schwartzes defaulted in the monthly payments due under the note on July 1, 1992 and the plaintiff exercised its option to declare the entire balance owed on the note due and payable.
The Schwartzes have filed the following three Special Defenses:
First Special Defense
 Plaintiff's claim to an interest in the mortgage which subject (sic) to the present foreclosure fails to comply with the requirements of Connecticut General Statutes § 49-10.
 Second Special Defense
CT Page 12460
 Neither Imperial Savings Association nor the plaintiff have complied with the notice of default requirements of the mortgage found in paragraph #19 therein, a copy of which is attached to the complaint as Exhibit #3.
 Third Special Defense
 The plaintiffs have refused tender of payments of the note by the Schwartzes for the months of July, 1992 through May, 1993.
Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, Bizzoco v. Chintz,193 Conn. 304, 309, 476 A.2d 572 (1984); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946
(1980); duress or coercion and material alteration, Second NewHaven Bank v. Quinn, 1 Conn. App. 78, 79, 467 A.2d 1252 (1983); payment, Connecticut Bank and Trust Company v. Dadi,182 Conn. 530, 532, 438 A.2d 733 (1980); discharge, Guaranty Bank Trust Co. v. Darling, 4 Conn. App. 376, 380, 494 A.2d 1216 (1985); fraud in the factum, Heating Acceptance Co. v. Patterson,152 Conn. 467, 208 A.2d 341 (1965); and lack of consideration,Sonnichsen v. Streeter, 4 Conn. Cir. 659 (1967).
In opposition to the Motion for Summary Judgment the Schwartzes have filed the affidavit of Lynell A. Schwartz, but have not filed any memorandum of law. That affidavit admits that William G. Schwartz and Lynell Schwartz are the owners of the subject property, it does not contain any information contrary to the plaintiff's assertions that the Schwartzes executed the; mortgage note, nor does it contest the plaintiff's claim that the Schwartzes failed to make the payment due under the note on July 1, 1992.
The affidavit also fails to address the First Special Defense. Pursuant to Connecticut General Statutes § 47-7, any instrument conveying or affecting any interest or lien in real property situated in this state, which is executed and acknowledged in any other state in conformity with the law of that state, is valid in this state. The assignment of the mortgage of the subject property was validly executed in California in accordance with the laws of California. The First Special Defense does not constitute a defense to the foreclosure CT Page 12461 action.
The Schwartzes claim that the plaintiff failed to comply with the requirements of paragraph nineteen of the mortgage deed on the subject property when it gave them notice of default. That paragraph provides:
 Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the Property. . .
By letter date August 4, 1992 the plaintiff informed the Schwartzes that their mortgage was in default due to the nonpayment of the amount due thereunder on July 1, 1992. The letter stated the amount the Schwartzes would be required to pay to cure the breach and that that amount must be received by September 4, 1992. The letter also contained the following language: "Failure to cure this breach on or before the date specified may result in acceleration of the sums secured by this Mortgage/Deed of Trust and Sale of the property."
The Schwartzes claim that the letter was an insufficient notice of default because it did not give them 30 days in which to cure the default. This claim lacks merit. The notice was given on August 4, 1992 and gave the Schwartzes until September 4, 1992 in which to cure the default. The Schwartzes further claim that the letter did not meet the requirements of paragraph nineteen of the mortgage deed because it did not use the word "foreclosure."
In Connecticut the only way that a mortgagee can sell the property of a mortgagor is by instituting a foreclosure action. See Connecticut General Statutes § 49-24. The letter of August 4, 1992 from the plaintiff did inform the Schwartzes that a failure to the cure the default could result in a sale of the mortgaged property. Moreover, in her affidavit submitted in opposition to summary judgment Lynell Schwartz states that she and her husband, offered the plaintiff a deed in lieu of foreclosure in October CT Page 12462 of 1992. From the foregoing it is clear that the Schwartzes knew or should have known that their failure to pay the amounts due under their mortgage note would result in a foreclosure of their property. The plaintiff's default notice to the Schwartzes substantially complied with the requirements of the mortgage deed and its failure to include the word "foreclosure" does not constitute a defense to the foreclosure action.
In the Third Special Defense the Schwartzes allege that the plaintiff refused to accept mortgage payments tendered for the months of July, 1992 through May, 1993. If the foregoing allegation as to the refusal to accept the July, 1992 payment was true, then it would constitute a defense to the foreclosure action. The complaint alleges the acceleration of the debt due to nonpayment for the month of July, 1992.
The affidavit of Lynell Schwartz states that the plaintiff refused to accept payments tendered in December, 1992, January, 1993 and February, 1993, all in the amount of $795, but is silent, as to the payment due in July, 1992.
"`Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993), quoting Practice Book 384. "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist." Cortes v. Cotton, 31 Conn. App. 569, 575, 626 A.2d 1306
(1993).
"`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.'" Johnson v. Meehan, 225 Conn. 528, 535,626 A.2d 244 (1993), quoting Connecticut Bank Trust Co. v. CarriageLane Associates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citation omitted.) Cortes v.Cotton, supra, 573.
"`Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue.'" Hammer v. Lumberman's Mutual Casualty Co., CT Page 12463214 Conn. 573, 578, 673 A.2d 699 (1990).
The affidavit of Lynell Schwarz establishes only that the plaintiff refused to accept mortgage payments tendered after it had exercised its right to accelerate the indebtedness due under the mortgage note. The plaintiff's refusal to accept monthly payments after it has declared a default and accelerated the indebtedness due under a mortgage note is not a valid defense to a foreclosure action. Once a bank declares an intention to accelerate and foreclose a mortgage, the borrower cannot bar foreclosure by payment of any amount less than that specified in the acceleration provision of the mortgage. City Savings Bank ofBridgeport v. Dessof, 3 Conn. App. 644, 655, 491 A.2d 424, cert.denied, 196 Conn. 811, 495 A.2d 279 (Conn.App. 1985); 55 Am.Jur.2d Mortgages, 390.
For the reasons set forth above, summary judgment as to liability only may enter in favor of the plaintiff on the complaint.
In the Counterclaim, the Schwartzes allege that the plaintiff or its agents caused damage to the subject property and interfered with efforts to sell that property. The plaintiff alleges that it had the right to take possession of the subject property, which was vacant, because the Schwartzes were in default. However, as owners of the property, the Schwartzes also had the right to possess, and attempt to sell the property. The affidavit of Lynell Schwartz creates an issue of fact as to the liability of the plaintiff to the Schwartzes and the damages, if any, which the plaintiff may owe to the Schwartzes. Therefore, the Motion for Summary Judgment is denied as to the Counterclaim.
By the Court,
Aurigemma, J.