[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The plaintiffs commenced this action by Complaint dated March 19, 1996, seeking a mandatory injunction ordering the defendant to deliver to the plaintiffs a discharge of a mortgage upon payment to the defendant of $42,133.50, the monies originally tendered to defendant on March 5, 1996. The court consolidated the injunction requests as a single request for a permanent injunction.
The underlying facts, in connection with the debt, are not substantially in dispute. The parties executed a stipulation in a settlement of a then pending law suit. In accordance with the terms of that stipulation, the Plaintiffs, Jack D. Grassi and Candice H. Grassi, executed a promissory note, dated January 11, 1994, to the defendant, Silvio Benedetto Associates, in the principal amount of $184,000.00 (the "Note"). The note was secured by a mortgage deed, also dated January 11, 1994, executed by Candice H. Grassi to the defendant, Silvio Benedetto Associates (the "Mortgage").
Under the terms of the Note, the following payments were to be made: $25,000.00 plus interest at the prime rate on April 1, 1994, and $125,000.00 in thirty six monthly installments of $3,472.22 plus interest, at the prime rate commencing on February 15, 1994 and ending on January 15, 1997. The note further provides that "if said principal and interest payments are timely made when due as set forth in the previous sentence, then $34,000.00 in principal shall be forgiven and this note shall be deemed paid in full."
The default provisions of the Note provides as follows:
 "In the event any of said principal and interest payments are not paid by the 18th day of each month the Makers shall be in default, and the Holder of this note shall give written notice of the same to the Makers with a copy to Attorney W. Patrick Ryan, Esq., or such substitute designee as Makers may designate to Payee in writing with right to cure. If such default is not cured within five business days of receipt of said written notice, the entire outstanding balance of this $184,000.00 CT Page 6247 note plus interest shall become due and payable."
The note further provides: "This note may be prepaid in full or in part at any time without penalty."
In late January or early February 1996, plaintiff, Jack Grassi, contacted Silvio Benedetto to advise him that he had elected to pre-pay the debt. The parties had engaged in earlier discussions regarding pre-payment. Plaintiff, Jack Grassi, however, had insisted on a discount. Silvio Benedetto had steadfastly refused to consider any discount.
In response to the request to prepay the debt the office of the defendant's attorney sent a pay-off letter to Candice H. Grassi. The letter dated, February 2, 1996, set forth a pay-off figure of $41,700.00 if a cashier's check is received on or before February 6, 1996. The letter went on to say "For every day after February 6, 1996, a per diem interest amount will be added to the pay-off figure. Please contact this office for the daily interest rate."
The Grassis filed an application with Fleet Bank to refinance their existing mortgage with Fleet Bank, in order to pay finance pay-off [sic] of the Note held by the defendant.
The plaintiff did not make the monthly payment of principal and interest on February 18, 1996, as required under the terms of the Note. On February 22, 1996, defendant's attorney faxed a letter to Jack D. Grassi notifying him of the default and advising him of the right to cure within five business days as provided under the Note.
There was conflicting testimony as to whether Jack Grassi called Silvio Benedetto upon receipt of the February 22, 1996 default letter.
Under the terms of the right of prepayment under the Note, the plaintiffs could have cured any default by a payment in full on or before February 29, 1996.
On March 4, 1996, defendant's attorney by facsimile letter advised Jack D. Grassi that the cure period had expired as of February 29, 1996 and demanded, on behalf of the defendants payment in full, including the $34,000.00 forgiveness of principal. CT Page 6248
On March 5, 1996, the plaintiffs' attorney hand delivered to defendant's attorney two checks, totaling $42,133.50, payable to Silvio Benedetto. By letter of even date, defendants' attorney returned the two checks to plaintiffs' attorney, notifying him that the checks were untimely delivered and again demanded payment in full, including the $34,000.00. The parties did not dispute the amount in question.
The Grassi mortgage refinance closed at Fleet Bank on February 29, 1996, twenty seven days after the defendants' attorney pay-off letter to the plaintiff. The testimony was unclear, but the court finds it most probable that neither the plaintiff nor the defendant knew of the mandatory three business days recession period on a mortgage refinancing.
The evidence is clear, both from the testimony of the Fleet Bank Mortgage Officer and the defendants' attorney, that the defendant was made aware of the scheduled closing date at least two and perhaps three days prior to February 29, 1996. Silvio Benedetto testified that he did not believe a closing would take place.
A prayer for injunction relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion.Walton v. New Hartford, 223 Conn. 155, 165.
The defendant, Silvio Benedetto Associates, in a companion case, filed a complaint dated April 17, 1996, seeking to foreclose the property owned by Candice H. Grassi, which property was mortgaged to secure the $184,000.00 debt.
The plaintiffs could lose their property because they paid off the $184,000.00 Note and Mortgage five days late, which was two business days late. The closing took place on February 29, 1996, and, but for the three day recession period, would have been paid when due.
The defendant argues, in its Memoranda of Law, that the harm which will be visited upon the defendant if an injunction is granted far far outweighs the benefits which the plaintiff may receive. I disagree. CT Page 6249
The defendant cites City Savings Bank of Bridgeport v.Dessoff, 3 Conn. App. 644 claiming: "The courts of this State have long recognized that once a mortgagee has declared its intent to accelerate, the acceleration provision in the mortgage becomes operable and the mortgagor can no longer bar foreclosure by payment of any amount less then that specified in the acceleration provision."
This court finds a clear distinction between City Savings and the facts in this case. This case involved the final payment of a debt in accordance with a right to prepay as set forth in the Note. If Silvio Benedetto had accepted the final payment on March 5, 1996, he would have no further dealings with Jack or CandiceGrassi. In City Savings, the court upheld the validity of the acceleration provision to prevent the mortgagor from curing a default by bringing the loan current and then exposing the mortgagee to the possibility of having to commence a foreclosure action in the future as a result of possible future defaults.
The plaintiffs' request for an injunction is granted. The plaintiffs will forthwith deliver to defendant's attorney, a certified check in the amount of $42,133.50. Defendant's attorney will, upon receipt of said funds, simultaneously deliver to plaintiffs' attorney a proper release of the mortgage from Candice H. Grassi to Silvio Benedetto Associates.
The court finds that the plaintiffs were not aggrieved and no damages are awarded pursuant to § 49-8 of the Connecticut General Statutes.
There was no evidence to support the claim under the second count that the actions of the defendant were in connection with his trade or business.
Tobin, J.