[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants' motion to dismiss is in fact a special defense to the plaintiff's foreclosure action. After the debt has been accelerated, the defendants may not reinstate the debt by paying or tendering current arrearages. Unless the defendants tender the total mortgage debt, their mere promise to pay the mortgages to current is insufficient as a matter of law to bar the foreclosure action.
The plaintiff, Rudra Tamm, brought the present foreclosure action on December 13, 1999, against the defendants, Carey and Ralph Gangitano, alleging the following facts. On July 1, 1999, the defendant, Carey Gangitano, executed a mortgage deed in the plaintiff's favor to secure a $45,000 loan from the plaintiff (second mortgage), mortgaging to the plaintiff the premises situated in Greenwich, known as 5 Meadow Wood Drive (premises). On July 20, 1999, the defendant, Carey Gangitano, executed another mortgage deed to secure a $630,000 loan from the plaintiff (third mortgage), mortgaging the same premises to the plaintiff. The plaintiff duly recorded the two mortgage deeds in the Greenwich land records and is now the record owner of the deeds and the two promissory notes evidencing the loans. A financial institution claimed a mortgage interest in the amount of $400,000 against the premises and first recorded the mortgage (first mortgage), so is prior in right to the defendant's mortgages (second and third mortgages, respectively). The defendant failed to make the payments due on October 1, November 1, and December 1, 1999. On October 16, 1999, the plaintiff notified the defendants in writing that the notes were in default for failure to make the October 1, 1999 payment and that the defendants had fifteen days to cure the default. The defendants failed to cure the default. On November 2, 1999. the plaintiff gave the defendants written notice that the defendants had failed to cure the default and that the plaintiff had exercised his option to declare the entire principal and interest on both the notes and the mortgages due and payable in full. The plaintiff seeks a foreclosure of the mortgages, immediate possession of the premises, a deficiency judgment against the defendants, and reasonable attorney's fees and costs.
On August 23, 2000, the plaintiff filed a "memorandum in support of foreclosure" (memorandum). On September 25, 2000, the defendants filed a motion to dismiss the plaintiff's motion for judgment of foreclosure and a "motion for relief on alternate grounds in equity," requesting that the court reinstate the second and the third mortgages through the payment of all outstanding monthly charges and interest.
CT Page 12946 The defendants term the opposition to the plaintiff's foreclosure action as a motion to dismiss, or a "motion for relief on alternative grounds in equity." Because their opposition is not a motion to dismiss in the sense of Practice Book § 10-31,[1] they have obviously misused the term. Their motion to dismiss is in fact an opposition to the foreclosure action, and should have been termed as a special defense. The court should treat it as a special defense.
"At common law, the only defense to an action of [foreclosure] . . . would have been payment, discharge, release, or satisfaction . . . or, if there had never been a valid lien." (Citations omitted.) Petterson v.Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident[,] fraud, equitable estoppel, CUTPA, laches[,] breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration . . . . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note . . . (Internal quotation marks omitted.) Federal National Mortgage v. Mallozzi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 165698 (February 10, 1999, Hickey, J.). The Appellate Court has upheld the rule that a defense in a foreclosure action must be limited to the making, validity, or enforcement of the note or mortgage. See Southbridge Associates v.Garofalo, 53 Conn. App. 11, 15-16, 728 A.2d 1114, cert. denied,249 Conn. 919, 733 A.2d 229 (1999) ("the trial court properly granted the motion for summary judgment on the basis of its conclusion that the defense . . . failed to attack the making, validity or enforcement of the notes and mortgages").
In their opposition to the foreclosure action, the defendants argue that because foreclosure is entirely a question of equity and the court possesses extensive equitable powers, the court may "establish payment schedules that differ from those set forth in the promissory agreements of the parties" and "withdraw the entry of a foreclosure." The defendants request that the court make a finding as to the amount of all arrearage and interest due the plaintiff, order the defendants to pay the amount due, reinstate the mortgages and dismiss the foreclosure action upon payment of arrearage and interest due.[2] The defendants argue that such a decision would do equity to both parties, restoring to the plaintiff the arrearage due and his legitimate original expectation, while acknowledging the defendants' right to possession and ownership of the premises. CT Page 12947
Relying on City Savings Bank of Bridgeport v. Dessoff, 3 Conn. App. 644,649-50, cert. denied, 196 Conn. 811, 495 A.2d 279 (1985), the plaintiff argues in his memorandum that once he has declared acceleration of the maturity of the mortgage debt on default, the defendants cannot bar the foreclosure action. The plaintiff in Dessoff sent a collection letter via its attorney to the named defendant for default in payment, clearly stating that if the account was referred to an attorney, payments other than the total amount due would be returned and foreclosure would be commenced. Id., 649. The defendant tendered payment of the past and currently due installments. The plaintiff refused the tender and brought a foreclosure action. The Appellate Court upheld the trial court's finding that the letter sent and received prior to the defendant's tender constituted a declaration of the plaintiff's intent to accelerate the maturity of the mortgage. Id. The court concluded: "Once the plaintiff's intent to accelerate was declared, the acceleration provision became operable and Dessoff could no longer bar the foreclosure by payment of any amount less than that specified in the acceleration provision of the mortgage. 55 Am.Jur.2d, Mortgages § 390. To rule otherwise would nullify the effect of the acceleration clause." Id., 649-50.
In this case, the plaintiff alleges that on November 2, 1999, the plaintiff gave the defendants written notice that they had failed to cure the default and that the plaintiff had thereby exercised his option to declare the maturity of the payment of the mortgages. Once the plaintiff had declared his intent to accelerate, the defendants "could no longer bar the foreclosure by payment of any amount less than the specified in the acceleration provision of the mortgage." See City Savings Bank ofBridgeport v. Dessoff, supra, 3 Conn. App. 649-50. However, the defendants claim that the parties subsequently signed an agreement, dated March 6, 2000, to provide for the withdrawal of the foreclosure action upon satisfaction of a series of conditions by the defendants. The defendants have I attached a copy of the agreement, and the plaintiff has not disputed the existence or authenticity of the agreement.
In the agreement, the defendants agree to pay mortgage payments for October and November of 1999 upon signing the agreement, those for December of 1999 and January of 2000 by April 30, 2000, those for February and March of 2000 by May 31, 2000, those for April and May of 2000 by June 30, 2000, and those of June and July of 2000 by July 31, 2000. The defendants also agree to pay costs of the plaintiff's foreclosure suit and interests and make current payments of mortgages beginning on August, 2000. In addition, the defendants agree to "continue to pay [the] first mortgage [that is prior in right to the plaintiff's mortgages], taxes and all other expenses, and give [the plaintiff proof that the first mortgage is current." In return, the plaintiff agrees to CT Page 12948 withdraw his motion for judgment of strict foreclosure and not contest reopening of the default for failure to plead upon receipt of the first payment. The plaintiff further agrees not to file additional motions in the foreclosure action "[s]o long as payments are made according to this agreement." Finally, the plaintiff agrees that "[a]fter the August 2000 payment is made timely, and all other payments due as per this agreement have been made, [it] will withdraw the pending foreclosure action."
The agreement between the parties, if existing, should operate as a conditional waiver of the plaintiff's right to foreclose. See 59 C.J.S. § 535 (1998), p. 648.[3] If the defendants had satisfied all the conditions of the agreement, the plaintiff should have been obligated to rescind its declaration of the acceleration and withdrawn its motion for judgment of foreclosure pursuant to the terms of the agreement. The defendants have not alleged, however, that they have satisfied all the conditions of the agreement. Specifically, the defendants have not alleged that they have paid all the installments on time under the agreement.[4] The plaintiff claim in his memorandum in support[5]
that the defendant made only two payments, and the defendants do not dispute the claim.
In addition, the defendants acknowledge that they "later again became temporarily unable to meet all of the combined mortgage obligations," and as a result, the first mortgage went into arrears and its holder brought a foreclosure action. One of the conditions imposed by the agreement is to give the plaintiff "proof that the first mortgage is current." The plaintiff claim in his memorandum that "[b]y the provisions in the second and third mortgages, failure of [the defendants] to keep the first mortgage current triggered a default in the both the second and [the] third mortgages and underlying notes. . . ." The defendants have not disputed this assertion.
If the plaintiff's claim is true that the two payments by the defendants did not bring the payment on the mortgages current, it means that the defendants have not satisfied the terms and conditions of the agreement. if the plaintiff's assertion is true that the failure to keep the first mortgage current, conceded by the defendants, triggered a default in both the second and the third mortgages and underlying notes, then the plaintiff has acquired another, independent, right to declare an acceleration. It seems that the defendants have failed to satisfy the terms and conditions of the agreement. If so, the defendants have no equitable defense to the foreclosure action once the plaintiff had declared the acceleration.
"As a general rule, a debtor may not reinstate the debt by paying or tendering current arrearages after the debt has been accelerated. CT Page 12949 Foreclosure may be prevented only by tender of the total mortgage debt." 59 C.J.S. § 516, p. 634. The defendants have not cited any statutory authority permitting an exemption from the above general rule. See id. Unless the defendants tender the total mortgage debt after the debt has been accelerated, the defendants' promise to bring the payment on mortgages current are inadequate as a matter of law to bar the foreclosure action.
HICKEY, J.